# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 6, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RANDALL J. MULVEY SR.,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1521** (BOR Appeal No. 2047240)
                          (Claim No. 2006210395)

**MCELROY COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randall J. Mulvey Sr., by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. McElroy Coal Company, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 30, 2012, in which the Board affirmed a May 4, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 12, 2011, decision which denied authorization for manipulation/injection of the right shoulder under anesthesia and the addition of adhesive capsulitis of the shoulder and other specified disorders, rotator cuff syndrome of the shoulder to the claim. In its Order, the Office of Judges also affirmed the claims administrator's May 16, 2011, decision which denied the addition of adhesive capsulitis of the shoulder and other specified disorders, rotator cuff syndrome of the shoulder to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mulvey, a coal miner, injured his right shoulder in the course of his employment when a drill bit caught while he was drilling a hole and twisted his right hand and shoulder on May 3, 2006. The claim was held compensable for right shoulder and upper arm sprain. Mr.

1

Mulvey was evaluated by Bruce Guberman, M.D., in January of 2009. In that independent medical evaluation, Dr. Guberman diagnosed chronic post-traumatic strain of the right shoulder. He recorded 150° of elevation in flexion and abduction in both shoulders. Mr. Mulvey was determined to be at maximum medical improvement and required no further treatment. It was noted that he was working full time with no restrictions.

Mr. Mulvey was treated by Robert Zaleski, M.D., in March of 2011. Dr. Zaleski's treatment note indicates that Mr. Mulvey was experiencing weakness in his right shoulder as well as lack of terminal end points of motion. Dr. Zaleski diagnosed a component of bursitis and adhesive capsulitis of the right shoulder. Ronald Fadel, M.D., disagreed with the diagnoses in a May 10, 2011, utilization review. He determined that Dr. Zaleski's diagnosis of adhesive capsulitis was based upon the subjective impression of lost terminal end points of motion which was insufficient to establish the diagnosis. Dr. Fadel noted that Dr. Guberman measured range of motion of both shoulders and found that they were both below average; however, because the range of motion was the same in the left shoulder as the right, the lower range of motion in the right shoulder was determined to be normal. Gregory Wood, D.O., Mr. Mulvey's treating physician, testified in a deposition on December 12, 2011. He stated that he referred Mr. Mulvey to Dr. Zaleski for an orthopedic assessment and that he concurred with Dr. Zaleski's diagnoses. Dr. Wood explained that adhesive capsulitis was caused by the compensable injury because once a joint is injured a person begins using it less and stiffness and decreased range of motion develop.

The claims administrator denied authorization for manipulation/injection of the right shoulder under anesthesia and the addition of adhesive capsulitis of the shoulder and other specified disorders, rotator cuff syndrome of the shoulder to the claim on May 12, 2011. On May 16, 2011, the claims administrator again denied the addition of adhesive capsulitis of the shoulder and other specified disorders, rotator cuff syndrome of the shoulder to the claim. The Office of Judges affirmed the claims administrator's decisions in its May 4, 2012, Order.

The Office of Judges determined that the claims administrator's denials were based primarily upon Dr. Fadel's utilization review, which the Office of Judges found to be persuasive. It determined that Dr. Wood's testimony was based upon Dr. Zaleski's one-time evaluation of Mr. Mulvey. It further found that Dr. Zaleski made the diagnoses and recommended the requested treatment; however, he failed to attribute the requested diagnoses to the compensable injury. Because Dr. Wood actually made the request for treatment and the addition of the diagnosis codes, the Office of Judges concluded that the burden of establishing a causal connection between the requested diagnoses and the work-related injury was upon him. Dr. Wood acknowledged that range of motion measurements was the ideal way to diagnose adhesive capsulitis, but failed to explain why Dr. Zaleski did not record, or perhaps even measure, Mr. Mulvey's shoulder range of motion. Dr. Wood also acknowledged that adhesive capsulitis can sometimes develop with no known cause. The Office of Judges found that Dr. Wood seemed unsure as to what the diagnosis code other specified disorders, rotator cuff syndrome of the shoulder was intended to describe. It concluded that Dr. Wood failed to establish a causal connection between the requested diagnoses and treatment and the compensable injury.

2

The Office of Judges found it unclear how or why Mr. Mulvey developed adhesive capsulitis after Dr. Guberman's 2009 independent medical evaluation. At the time of the evaluation, Mr. Mulvey was at maximum medical improvement and had sustained minimal permanent impairment from his work-related injury. Dr. Guberman considered Mr. Mulvey's degenerative changes when making his impairment recommendation. The Office of Judges determined that this indicated that it was important to compare the range of motion of the left shoulder to that of the right in order to accurately make a diagnosis of adhesive capsulitis. Ultimately, the Office of Judges held that Mr. Mulvey failed to establish that the requested treatment and the addition of the diagnoses codes were necessitated by his compensable injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its November 30, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record fails to establish that the requested treatment and diagnoses are casually connected to the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 6, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II